UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:12-cr-8-FtM-29SPC

RAYMOND ERIK LUGO

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Review of the Unlawful Sentence in the Above Styled Action Pursuant to 18 U.S.C. § 3742(a)(1) (Doc. #93) filed on July 20, 2015. For the reasons set forth below, the motion is dismissed for lack of subject matter jurisdiction.

On October 31, 2012, defendant pled guilty to one count of Sexual Exploitation of Children, Producing Child Pornography, pursuant to a written Plea Agreement. (Docs. ## 53, 54.) The Court conducted sentencing hearings on May 6, 2013 and May 14, 2013, and defendant was sentenced to 264 months imprisonment followed by a life term of supervised release (Doc. #78). Defendant did not file a direct appeal, but on May 19, 2014, filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. #84.) On August 7, 2014, the Court granted defendant's motion to voluntarily dismiss his § 2255 motion. (Docs. ## 90, 91.) Defendant's current motion asserts his sentence is unlawful because of

outrageous government misconduct, asserting jurisdiction under 18 U.S.C. § 3742(a)(1) and Fed. R. Crim. P. 52(b).

Defendant's reliance on § 3742(a)(1) is misplaced. "Section 3742 establishes a limited practice of appellate review of sentences in the Federal criminal justice system." United States v. Hardman, 602 F. App'x 744, 746 (11th Cir. 2015) (quoting United States v. Chavarria-Herrara, 15 F.3d 1033, 1035 (11th Cir. 1994)). Section 3742(a)(1) allows a defendant to file a notice of appeal in the district court. It does not, however, give the district court jurisdiction to consider the appeal of a sentence. See 18 U.S.C. § 3742(e)(1) (providing that the court of appeals shall determine whether the sentence was imposed in violation of law).

Similarly, Rule 52(b) does not confer jurisdiction upon a district court. As stated in United States v. Frazier, 517 F. App'x 758, 759 n.1 (11th Cir. 2013):

> Frazier's reliance on Rule 52(b) is misplaced. Rule 52(b) governs in criminal appeals and "provides a court of appeals [with] limited power to correct" forfeited errors. United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993) (emphasis added). Because Rule 52(b) governs appeals, not post-conviction motions to amend sentences, see id., the district court had no jurisdiction under Rule 52(b) to modify Frazier's sentence. Cf. Diaz-Clark, 292 F.3d at 1317 (explaining that a district court's modification of a sentence without the requisite jurisdiction is a "legal nullity").

There is no other basis for jurisdiction in the district court.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Review of the Unlawful Sentence in the Above Styled Action Pursuant to 18 U.S.C. 3742(a)(1) (Doc. #93) is **DISMISSED** for lack of jurisdiction.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Raymond Erik Lugo