UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                            CASE NO: 2:12-cr-8-FtM-29SPC

RAYMOND ERIK LUGO
_____

**ORDER**

This matter comes before the Court on defendant's letter motion for compassionate release and/or home confinement (Doc. #96) filed on June 29, 2020. The government filed a Response in Opposition (Doc. #98) on July 8, 2020.

Defendant states that his health issues have increased during his incarceration and he now has sleep apnea. Defendant states that his mother and grandmother recently passed away due to Alzheimer's and dementia, and both are hereditary diseases. Defendant states that he has grown and learned during his term of imprisonment. Defendant does not directly or indirectly reference COVID-19 as a basis for release or home confinement, simply a desire to be with his children.

As a preliminary matter, and argued by the government, the Court has no authority to change the place of defendant's confinement. There seems little doubt that the location of a defendant's place of incarceration is a determination solely for the BOP, not the courts. "The Bureau of Prisons shall designate

the place of the prisoner's imprisonment, . . ." 18 U.S.C. § 3621(b). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). To make sure courts got the message, § 3621(b) also provides:

> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. **Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.**

18 U.S.C. § 3621(b)(emphasis added). If a court cannot order service of a sentence in a community corrections facility, it seems unlikely a court can order home confinement/house arrest as the location where the sentence will be served.

That being said, defendant alternatively seeks a reduced sentence to time served. Defendant's scheduled release date from imprisonment is January 2031. In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190,

1194-95 (11th Cir. 2010).  A term of imprisonment may be modified only in limited circumstances.  18 U.S.C. § 3582(c).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, **whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  The government indicates that as of July 7, 2020, BOP confirmed that defendant has never requested compassionate release.  Administrative exhaustion is not the Court's to waive, and in this case the United States has not waived or forfeited the administrative exhaustion requirement.  Since defendant has not exhausted with the Bureau of Prisons, the Court cannot consider the motion for a reduction in sentence.  Alternatively, defendant has failed to demonstrate "extraordinary and compelling reasons" that warrant a reduction in sentence.

    Accordingly, it is hereby

    **ORDERED:**

Defendant's letter motion for compassionate release and/or home confinement (Doc. #96) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___9th___ day of July, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record